Affirmed and
Opinion filed April 29, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00474-CR

____________

 

JOEL RODRIGUEZ BRIONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 42422A

 

 



M E M O R
A N D U M   O P I N I O N

A jury convicted appellant of burglary of habitation with
intent to commit sexual assault and sentenced appellant to confinement for life
in the Institutional Division of the Texas Department of Criminal Justice.  

In his sole issue on appeal, appellant claims the evidence
was factually insufficient to support his conviction.  Specifically, appellant
argues there was insufficient evidence that he was the person who made entry
into the complainant’s apartment.  

The facts adduced at trial established a man went through
complainant’s bedroom window and climbed on top of her as she lay sleeping in
bed.  The man tried to penetrate her as she fought back.  He eventually
ejaculated semen and then left through the bedroom window.  Appellant was
identified as the attacker in three ways: (1) by the victim; (2) fingerprint
evidence; and (3) DNA evidence.  Appellant suggests the victim was unable to
accurately identify him as her assailant and points to the following evidence: 
(1) the victim had never seen him before the night of the crime; (2) the crime
took place in a dark apartment; and (3) the identification did not occur for
eighteen months and was by photograph.  Appellant also claims that although his
fingerprint was found on a screen lying outside the apartment, none were found
inside the residence.  Appellant acknowledges there was DNA evidence but
asserts the overall weakness of the State’s case renders the evidence factually
insufficient.

The record reflects sperm samples taken from the victim
contained appellant’s DNA.  Further, appellant’s fingerprint was found on the
inside of the window frame, which was lying below the only window missing a
screen.  That window was partially open and determined to be the point of
entry.  The victim positively identified appellant as her attacker in a
photographic lineup and in court.  She testified that although no lights were
turned on, “it was light” in the apartment.

Appellant does not refer this court to any evidence that
tends to disprove he was the person who made entry into the complainant’s
apartment.  Viewing the evidence in a neutral light, the verdict is not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  See Johnson v. State, 23 S.W.3d at 1, 7 (Tex. Crim. App. 2000). 
Accordingly, we overrule appellant’s issue and affirm the trial court’s
judgment.  

                                                            PER CURIAM

 

Panel
consists of Justices Brown, Sullivan, and Christopher.

Do not
publish - Tex. R. App. P.
47.2(b).